CHARLES J. HAINES

v.

INTER OCEAN PUBLISHING CO.

1. INSTRUCTIONS.—To single out and make prominent in an instruction a particular fact, which, if true, is not conclusive, is error.

2. AGENT—INSTRUCTION—ASSUMING AUTHORITY—The question as to the authority of the agent to bind the defendant was, under the peculiar circumstances of this case, a mixed question of law and fact.   It was therefore fatal error for the court in an instruction to assume such authority to the full measure necessary.

APPEAL from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.   Opinion filed October 27, 1886.

This suit was brought by appellee in justice's court, against appellant, Haines, to recover for advertisements of the Glen Flora Mineral Spring Water, inserted in the Inter Ocean newspaper.   On appeal to the circuit court, there was a trial by jury, resulting in a verdict and judgment for appellee against Haines in the sum of $136.65, besides costs, from which the latter took an appeal to this court.

It appeared on the trial that said spring was owned by Haines and one Mrs. Palmer, the latter being a non-resident of

the State, and that they were carrying on the business of selling the water as partners; that the firm had no general agent acting for them in respect of said business, but that one A. A. Mason, who was not interested in the said business, but being a brother of Mrs. Palmer and having charge of real estate for her which she owned here, was in the habit of looking after her interest from time to time in said business. But the evidence tended to show that he had no authority, actual or apparent, to procure or direct advertising to be done for said firm. It further appeared that one Case was engaged for a time in selling said water in Chicago; but the evidence tended to show that in doing so he was acting on his own behalf, by purchasing the water of Haines and Mrs. Palmer at certain prices, and selling it for what he could get; that the advertising in question was done upon the request of said Case, but that he had no authority to bind the firm of Haines & Palmer, and that neither of them had any knowledge that he had directed it to be done for them or their benefit; nor was there any evidence tending to show that either Haines or his copartner ever knew, until after this advertising was done, that Case had been holding himself out to plaintiff below, or others, as their agent or manager; and the evidence shows that as soon as that fact came to their knowledge they repudiated all his acts of assumed agency.

A witness for plaintiff testified that after the advertising in question was partly done, Case came into the plaintiff's office with said Mason, and there introduced said Mason as president of the Glen Flora Mineral Spring Co., and that Mason, acquiescing in the title and character thus mentioned, spoke of the advertising which plaintiff had done; said it would be paid for, and that the company would want more of it done. Mason, being called as a witness for defendant, explicitly denied that Case introduced him as president, stating that there was no incorporated company and no president; and controverted all the plaintiff's witness had testified to as occurring.

The court, at the instance of plaintiff's counsel, gave to the jury the following instructions:

1. If the jury believe from the evidence that at the time

the advertising in question is alleged to have been done the defendant, Haines, or A. A. Mason, while acting for Mrs. Palmer, and with full authority to manage her interest in the partnership, if there was a partnership, knew that S. M. Case was contracting for advertising with the plaintiff company, in their name and as their agent, and made no objection to his so doing, but received the benefit of such contract without objection, then the defendant Haines would be bound by any such contract.

2. If the jury believe from the evidence that in the winter, spring and summer of 1882, etc., the defendant, Haines, or A. A. Mason, acting for Mrs. Palmer, with authority to manage her interest in the partnership, if you find there was a partnership, knew that Case was acting as their agent, making contracts for advertising in their names with plaintiff company, and voluntarily permitted him to do so by appearing at the office of the plaintiff with the said Case, and allowing the said Case to represent to the plaintiff that the said Mason was the president of the company, and the jury further believe from the evidence that the said Case, while so acting, contracted for advertising with the plaintiff company, then the defendant would be bound thereby, whether the said Case was in fact their agent at the time or not; and your verdict should be for the plaintiff.

Mr. ARNOLD TRIPP, for appellant; that it is not proper to single out an isolated fact and give it prominence in an instruction, cited Hewett v. Johnson, 72 Ill. 513; Hutchinson v. Crain, 3 Bradwell, 20; Protection Life Ins. Co. v. Dill, 91 Ill. 174; Drohn v. Brewer, 77 Ill. 280.

Messrs. BENNETT, PHELPS & HOLMES, for appellee; that a verdict will not be disturbed unless it is manifestly against the weight of the evidence or to prevent a plain perversion of justice, cited C. & N. W. Ry. Co. v. Ryan, 70 Ill. 211; Papineau v. Belgarde, 81 Ill. 61; Foos v. Sabin, 84 Ill. 564; Guerdon v. Corbett, 87 Ill. 272.

Decker v. Patton.

McALLISTER, P. J.   The question as to the authority of
Mason to bind the defendant Haines, was, under the peculiar cir-
cumstances of the case, a mixed question of law and fact, and was
in dispute on the trial upon both elements.   But the court, by
the first instruction for the plaintiff, assumed such authority
to the full measure necessary.   That was clearly improper
and, as the case stood upon the evidence, a fatal error.

The same assumption was made in the second instruction for
plaintiff.   Not only that, but the court therein assumed it as
a fact, that Mason allowed Case to introduce him in plaintiff's
office as the president of the Glen Flora Mineral Spring Com-
pany, notwithstanding that fact had been explicitly denied by
Mason in his testimony.   To thus single out and make prom-
inent in an instruction a particular fact, which, if true, is not
conclusive, has repeatedly been held to be erroneous.

For these errors the judgment must be reversed and cause
remanded.

Judgment reversed.